IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06-cr-363

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| vs. | ) ORDER |
| DEMOIA OMAR DAVIS (3) | ) |

**THIS MATTER** is before the Court upon motions of the defendant for appointment of counsel and for a reduction of sentence based on the retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine triggered by the Fair Sentencing Act of 2010 (Doc. Nos. 136, 142), which the government has not opposed.

The defendant pled guilty to conspiracy to possess at least 5 grams of cocaine base, along with cocaine and marijuana, with intent to distribute (Counts One, Eight, Sixteen). (Doc. No. 97: Judgment). He also pled guilty to possessing a firearm in furtherance of a drug trafficking offense and as a felon (Counts Nine and Eighteen). (Id.). At sentencing, the Court determined that the marijuana equivalency for the drug quantity reasonably foreseeable to the defendant was 114.809 kilograms. (Doc. No. 98: Statement of Reasons (SOR) at 1; Doc. No. 89: Presentence Report (PSR) at ¶ 12). The resulting offense level of 26 was reduced by 3 for acceptance of responsibility.[1] (Doc. No. 89: PSR at ¶ 34). Combined with a criminal history category of IV, the resulting advisory guideline range was 70-87 months. (Doc. No. 311: SOR at 1). The Court imposed a sentence of 82 months, 1.17% above the low end of the range, plus 60 months for the 18 U.S.C. § 924(c) violation. (Doc. No. 97: Judgment at 2).

---

[1] The drug conspiracy count resulted in the highest offense level of the grouped counts. (Doc. No. 98: PSR at 8).

Under the most recent amendments to the guidelines, the advisory guideline range, given the factors applied at the original sentencing hearing, is 60 months. USSG Supp. to Appx. C., Amend. 750 (2011); USSG §5G1.1. Increasing the low end of that range by 1.17% results in a sentence of 70 months on Counts One, Eight, Sixteen, and Eighteen.[2] It appears that the defendant has satisfied that sentence, (Doc. No. 140: Supplement to PSR at 1), and the Court may not reduce the sentence to less than what he has already served, USSG §1B1.10(b)(2)(C).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion for sentence reduction (Doc. No. 142) is **GRANTED** and the defendant's sentence for Count One, Eight, Sixteen, and Eighteen are reduced to the time served. All other conditions remain unchanged.

**IT IS FURTHER ORDERED** that defendant's motion for appointment of counsel (Doc. No. 136) is **GRANTED**.

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office, the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Office, as a condition of supervised release.

---

[2] The guidelines for the grouped counts do not provide for a greater sentence.

The Clerk is directed to certify copies of this Order to the defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: September 4, 2012

Robert J. Conrad, Jr.
Chief United States District Judge